UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DINA NICOLE KOVARIK, et al.,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

C15-1058-TSZ

ORDER

THIS MATTER comes before the Court upon defendant's motion for partial summary judgment, docket no. 38, to dismiss plaintiffs' claims under the Consumer Protection Act ("CPA") and the Insurance Fair Conduct Act ("IFCA"). Having reviewed all papers in support of, and opposition to, the motion, the Court enters the following Order.[1]

---

[1] As an initial matter, plaintiffs' motion to supplement the record, docket no. 47, is GRANTED.

ORDER - 1

**Background**

Plaintiff Dina Kovarik was injured in a car accident in January 2010 while on her way to a medical appointment relating to a cancer diagnosis. The parties agree that Ms. Kovarik suffered damage to her back and neck, but dispute whether she tore her right labrum in the accident or at some other time. Ms. Kovarik consistently reported hip pain on both sides during her consultation with doctors, but did not report greater pain in her right hip until September 2010. This report led to an MRI in October 2010 which confirmed that Ms. Kovarik had a torn right labrum. Although other doctors questioned the cause of the torn labrum, Ms. Kovarik's orthopedic specialist, Dr. Downer, wrote a letter to her primary physician which noted that Ms. Kovarik "had a car accident in June of 2010. It sounds as if she axially loaded the hip and that is really what began this severe right hip pain." Jensen Decl., docket no. 39, Ex. G (Downer Notes at 3).

In December 2010 the Kovariks first made a claim to State Farm that her torn labrum was a result of the car accident. State Farm opened a Personal Injury Protection ("PIP") claim and obtained medical evidence. After conducting its review, State Farm concluded that there was no evidence that the hip injury was causally related to the car accident and only paid out benefits for the undisputed injuries to Ms. Kovarik's back and neck, as well as for the MRI to determine hip pain. Jensen Decl., docket no. 39, Ex. B (Claim Notes at 14). The PIP claim was closed without objection. Approximately a year later, the Kovariks asked State Farm to open an Uninsured Motorist ("UIM") claim, spurring more medical investigation. *Id.* at 10. State Farm learned that Ms. Kovarik suffered a fall in September 2009, causing hip pain which she later described as "the

ORDER - 2

worst pain that she ever had starting day 8 after chemo." *Id.* at 7.  After acquiring more medical evidence, State Farm engaged Dr. Swiggett as a consulting doctor to review the claim.  Dr. Swiggett concluded that the hip injury was "certainly not related to any purported motor vehicle accident."  Jensen Decl., docket no. 39, Ex. I (Swiggett Report at 5).  Ultimately in March 2015 State Farm offered $2,000, a waiver of reimbursement of PIP payments, and *Hamm* fees.[2]  The Kovariks then filed suit, alleging: (i) that the torn labrum was caused by the car accident in January 2010 and is covered by their policy; (ii) a violation of IFCA; (iii) insurance bad faith; and (iv) a violation of the CPA.

**Discussion**

A.  **Standard of Review**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record, however, taken as a whole, could not lead a rational trier of fact to find for the

---

[2] *Hamm* fees require a PIP insurer "to share pro rata in the attorney fees incurred by an injured person when the recovery benefits the PIP insurer."  *Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 647, 272 P.3d 802 (2012).

ORDER - 3

non-moving party, summary judgment is warranted. *See Celotex*, 477 U.S. at 322 (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

**B.   Analysis**

   *1.   IFCA*

State Farm argues that plaintiffs' IFCA claim must be dismissed because: (i) it did not deny coverage, but instead made an offer based on a reasonable dispute over the value of the claim; and (ii) IFCA does not create a private right of action for the five WAC provisions enumerated in the statute. IFCA provides that any "first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payments of benefits by an insurer may bring an action … to recover the actual damages sustained." RCW 48.30.015(1). This cause of action also encompasses scenarios where an insurer makes an unreasonably low offer. *See Morella v. Safeco Ins. Co. of Ill.*, 2013 WL 1562032, *4 (W.D. Wash. Apr. 12, 2013). Thus, an insurer not only violates IFCA by refusing to pay benefits, but by making offers which functionally deny the benefits which the insured is owed. *See id.* (focusing "primarily on what [the insurer] knew and/or should have known at the time the offer was made to determine whether the proferred payment effective denied [the insured] the benefits of the insurance policy.").

The reasonableness of State Farm's offer turns on whether the torn labrum can be linked to the car accident. If it was reasonable for State Farm to determine that the two

ORDER - 4

were not connected, then its offer was not unreasonable.  If, on the other hand, it was unreasonable to not include the torn labrum as part of the offer, then State Farm violated IFCA because the value of the claim is significantly higher than what State Farm offered.  Ultimately, however, the Court concludes that there is a genuine issue of material fact on this point.  While Dr. Downer's letter does state that the accident "axially loaded the hip and that is really what began the right hip pain," Jensen Decl., docket no. 39, Ex. G (Downer Notes at 6), other doctors were unable to diagnose the exact cause.  *See, e.g.*, Jensen Decl., docket no. 39, Ex. H (Crutcher Notes at 3) (noting an "uncertain etiology"); Ex. I (Swiggett Report at 5) (concluding that the torn labrum was "certainly not related to any purported motor vehicle accident").  The Court DENIES the motion for summary judgment on the IFCA claim without prejudice, with leave to revisit after the close of plaintiffs' case-in-chief.

Although the Court denies the motion with respect to the IFCA claim, the Court additionally concludes that a violation of the five enumerated WAC provisions does not provide a standalone claim.  IFCA provides that a "violation of any of the following is a violation for the purposes of subsections (2) and (3) of this section."  RCW 48.30.015(5) (enumerating five WAC provisions).  Subsection (2) provides:

> The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages.

Subsection (3) is quite similar, except providing for a mandatory award of attorneys' fees and costs upon "a finding of unreasonable denial of a claim for coverage or payment of

ORDER - 5

benefits, or after a finding of a violation of a rule in subsection (5)." Plaintiffs contend these provisions contemplate that an insurer can violate IFCA by violating one of the enumerated WAC provisions.

The Court concludes otherwise. Instead, subsections (2) and (3) "provide grounds for trebling damages or for an award of attorney's fees; they do not, on their own, provide a cause of action absent an unreasonable denial of coverage or payment of benefits." *Weinstein & Riley, P.S. v. Westport Ins. Corp.*, 2011 WL 887552, *30 (W.D. Wash. Mar. 14, 2011). Courts in the Western District have now uniformly taken the same position. *See, e.g.*, *Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co¸* 2010 WL 4272453 (W.D. Wash. Oct. 15, 2010); *Pinney v. Am. Family Mut. Ins. Co.*, 2012 WL 584961 (W.D. Wash. Feb. 22, 2012); *Cardenas v. Navigators Ins. Co.*, 2011 WL 6300253 (W.D. Wash. Dec. 16, 2011). While some courts in the Eastern District have taken the opposite position, *see, e.g.*, *Langley v. GEICO Gen. Ins. Co.*, 89 F. Supp. 3d 1083 (E.D. Wash. 2015), the Court concludes that the structure of IFCA heavily suggests that subsection (1) sets forth how insurers can substantively violate the statute (i.e., unreasonably denying coverage or payment of benefits), while subsections (2) and (3) address remedies once a substantive violation has been found. Therefore, for purposes of this case, the Kovariks cannot establish an IFCA violation without proving an unreasonable denial of coverage or payment of benefits.

    2.    *CPA*

State Farm also moves for summary judgment as to plaintiffs' CPA claim on the basis that they cannot establish proximate causation or an injury cognizable under the

ORDER - 6

CPA.  A prima facie CPA claim requires a plaintiff to establish: (i) an unfair or deceptive act or practice; (ii) occurring in trade or commerce; (iii) impacting the public interest; (iv) injury to business or property; and (v) proximately caused by the unfair or deceptive act.  *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986).  Plaintiffs' Opposition states that the relevant CPA injury is "a wrongful deprivation of [the] policy's benefits."  Pls.' Opp., docket no. 40, at 22.  State Farm argues that a failure to pay the claimed benefits for personal injuries is not an injury to business or property.  The Court agrees.

A plaintiff "cannot prove an injury to her business or property by solely alleging that Allstate should have paid her medical bills, because those injuries are derivative of her personal injuries.  Personal injuries are not compensable damages under the CPA and do not constitute an injury to business or property."  *Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1310 (W.D. Wash. 2013).  Other courts in the district have reached the same conclusion.  *See Haley v. Allstate Ins. Co., Inc.*, 2010 WL 4052935, *7-8 (W.D. Wash. Oct. 13, 2010) (rejecting CPA claim where claimed injury was cost of litigating CPA claim and having to pay medical bills); *Coleman v. Am. Commerce Ins. Co.*, 2010 WL 3720203, *3-4 (W.D. Wash. Sept. 17, 2010) ("The cost of having to prosecute a CPA claim is not sufficient to show injury to business or property."); *Sadler v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4371661, *8-9 (W.D. Wash. Sept. 22, 2008) ("[P]laintiffs here are not alleging that they received an insurance policy not conforming with their expectations… they are asserting that the manner in which State Farm processed their claim for PIP benefits was negligent or worse, resulting in personal injury

ORDER - 7

1 to Ms. Sadler."), *aff'd* 351 Fed. App'x 234, 236 (9th Cir. 2009).  Plaintiffs' accordingly
2 do not allege an injury to business or property and the claim will be dismissed.

3 **Conclusion**

4     For the above reasons, State Farm's motion, docket no. 38, is GRANTED in part
5 and DENIED in part.  The CPA claim will be DISMISSED with prejudice.

7     IT IS SO ORDERED.

8     Dated this 31st day of August, 2016.

                                         Thomas S. Zilly
                                         United States District Judge

ORDER - 8